# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

MICHAEL McNEARNY,

     Plaintiff,

vs.

CORIZON MEDICAL SERVICES;
HSA GRANT, HSA JOHNSON,
ASHLEY CANO, and IDOC RONA
SIEGERT,

     Defendants.

Case No. 1: 19-cv-00481-BLW

**INITIAL REVIEW ORDER
BY SCREENING JUDGE**

     The Complaint of Plaintiff Michael McNearny was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. (Dkts. 3, 1.) A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints seeking relief against a government entity or official must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

     After reviewing the Complaint, the Court has determined that Plaintiff will be required to file an amended complaint if he desires to proceed.

## REVIEW OF COMPLAINT

### 1. Standard of Law

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A plaintiff is required to state facts, and not just legal theories, in a complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Iqbal*, 556 U.S. at 678. In *Iqbal*, the Court made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. In other words, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (punctuation altered). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (punctuation altered).

To state a claim under 42 U.S.C. § 1983, the civil rights statute, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To state an Eighth Amendment claim regarding prison medical care, a complaint must contain facts alleging that prison officials' "acts or omissions [were] sufficiently harmful to evidence deliberate

indifference to serious medical needs." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing

*Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976)). The Supreme Court has opined that

"[b]ecause society does not expect that prisoners will have unqualified access to health

care, deliberate indifference to medical needs amounts to an Eighth Amendment violation

only if those needs are 'serious.'" *Id.* The Ninth Circuit has defined a "serious medical

need" in the following ways:

> failure to treat a prisoner's condition [that] could result in
> further significant injury or the unnecessary and wanton
> infliction of pain; . . . [t]he existence of an injury that a
> reasonable doctor or patient would find important and worthy
> of comment or treatment; the presence of a medical condition
> that significantly affects an individual's daily activities; or the
> existence of chronic and substantial pain.

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*,

*WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Deliberate indifference exists when an official knows of and disregards a serious

medical condition or when an official is "aware of facts from which the inference could

be drawn that a substantial risk of harm exists," and actually draws such an inference.

*Farmer v. Brennan,* 511 U.S. 825, 838 (1994). Deliberate indifference can be

"manifested by prison doctors in their response to the prisoner's needs or by prison

guards in intentionally denying or delaying access to medical care or intentionally

interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05

(1976). A complaint alleging that a defendant acted with deliberate indifference requires

factual allegations that show "both '(a) a purposeful act or failure to respond to a

prisoner's pain or possible medical need and (b) harm caused by the indifference.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

### 2. Summary of Allegations

Plaintiff is an Idaho Department of Correction (IDOC) prisoner. He asserts that Defendants have left him in pain for long stretches of time, which he alleges constitutes deliberate indifference to his serious health needs. He alleges that he has suffered permanent disfigurement and excruciating pain, as a result of the lack of proper treatment. He requests injunctive relief in the form of appropriate medical care and an award of monetary damages.

### 3. Discussion of Claims Against Corizon

Plaintiff has named Corizon, the prison's contracted private medical provider, as a defendant. To bring a § 1983 claim against a private entity performing a government function, a plaintiff must allege that officials carried out an official policy or unofficial custom that inflicted the injury at issue. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (*Monell* applicable to private entities performing government functions). That is, "[an entity] can be found liable under § 1983 only where the [entity] itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Under *Monell*, requisite elements of a § 1983 claim against a municipality or private entity performing a state function are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy or custom; (3) the

policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs*., 237 F.3d 1101, 1110-11 (9th Cir. 2001). All policy-based claims must meet the pleading standards clarified by *Twombly* and *Iqbal*, *supra*. That is, mere "formulaic recitation of a cause of action's elements" is insufficient. *Twombly*, 550 U.S. at 555.

Plaintiff has provided insufficient allegations to state a claim against Corizon. Without specific factual allegations about (1) what the Corizon policies were; (2) what the Corizon policy makers actually did, and (3) how the policies caused the medical providers to provide inadequate care, Plaintiff has not stated a claim. For example, he must allege facts raising a plausible inference that the treatment chosen by the individual medical providers, or a detrimental delay in provision of treatment, was not due to the providers' own independent decisions regarding how to conservatively treat Plaintiff's condition, based on their educational training and work experience—because that situation does not equate to deliberate indifference. An official's erroneous act or omission does not necessarily mean that the entity has a policy encouraging or requiring that act or omission.

Plaintiff may amend his Complaint to state additional facts. If he has no such facts, he should not include Corizon in the amended complaint, but instead may desire to sue only those particular medical providers and supervisor who have failed to provide him with medical care after he has brought his condition to their attention.

#### 4. Discussion of Claims against Individual Defendants

Plaintiff also sues HSAs Grant, Johnson, and Cano, as well as IDOC medical supervisor Rona Siegert. Rather than simply include a list of the persons who treated him or denied him treatment, Plaintiff must specifically allege when each person treated or refused to treat him, whether different types of treatment were attempted and by whom, what type of treatment he is currently receiving, and what attempts he has made to communicate to providers which treatments have and have not worked. Plaintiff also must include facts about what his particular condition is and how his body has reacted to the various treatments attempted by the providers. Currently, Plaintiff has not included enough facts to be able to proceed against these individuals.

Only those persons who provided medical treatment or who reviewed the medical treatment to determine whether it was appropriate can be included as named defendants in a civil rights action. "Liability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). In *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011), the United States Court of Appeals for the Ninth Circuit clarified that a supervisory defendant may be held liable under § 1983 if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id*. at 1207. Allegations sufficient to show a causal connection include: (1) "setting in motion a series of acts by others"; (2) "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failing to act or improperly acting in "the training, supervision, or control of his

subordinates"; (4) "acquiesc[ing] in the constitutional deprivation"; or (5) engaging in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1207-08 (internal quotations and punctuation omitted).

## 5.  Instructions for Amendment

If Plaintiff chooses to amend the Complaint, he must allege a sufficient causal connection between each defendant's actions and the claimed deprivation of his constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 (a complaint is insufficient if it "tenders naked assertions devoid of further factual enhancement" (punctuation altered)).

An amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces the original pleading.

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, he must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 30 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED** that, within 30 days after entry of this Order, Plaintiff shall submit an amended complaint to correct the deficiencies set forth above. Alternatively, Plaintiff may submit a notice of voluntary dismissal. If Plaintiff does nothing further within this time frame, his entire case will be dismissed.

DATED: March 31, 2020

B. Lynn Winmill
U.S. District Court Judge