UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

MICHAEL McNEARNEY,

    Plaintiff,

vs.

CORIZON MEDICAL SERVICES
and ASHLEY CANO,

    Defendants.

Case No. 1: 19-cv-00481-BLW

**SUCCESSIVE REVIEW ORDER
BY SCREENING JUDGE**

Now pending before the Court is Plaintiff Michael McNearney's Motion to
Amend and proposed Amended Complaint. (Dkts. 8, 9.) In his Amended Complaint,
Plaintiff alleges that, on or about August 20, 2019, Ashley Cano, the managing nurse for
Corizon Medical Services, ignored Plaintiff's report to her that he was in extreme pain
and his request for help scheduling an immediately appointment with an oral surgeon. He
suffered pain and permanent scarring as a result of Ms. Cano's deliberate indifference to
his serious medical condition. Plaintiff may proceed on this Eight Amendment claim
against Ms. Cano in her personal capacity for monetary damages, and in her official
capacity for future injunctive relief.

Plaintiff also brings suit against Corizon Medical Services, alleging:

> Corizon Medical Services has the policy and common
> practice of using a computer program to decide approvals and
> denials of off-site medical visits. On the above date I
> complained to medical of pain and infection post-oral surgery
> and was told I had to wait for approval, therefore leaving me

> in excruciating pain for long stretches of time. Dr. Migliori
> said I needed to return to my oral surgeon but policy said he
> "couldn't just send me."

(Dkt. 9, p. 3.)

Plaintiff has stated a colorable policy-based Eighth Amendment claim against Corizon for damages for pain and permanent scarring. He may proceed.

## ORDER

**IT IS ORDERED:**

1.  Plaintiff's request for appointment of counsel (contained in the Amended Complaint) is DENIED without prejudice. The Court will revisit this request without the need for Plaintiff to file another motion as the case progresses.

2.  Plaintiff's Motion to Review Amended Complaint (Dkt. 8) is GRANTED.

3.  Plaintiff may proceed on the claims against Defendants Ashley Cano and Corizon Medical Services. If Plaintiff later discovers facts sufficient to support other claims, he may move to amend the complaint to assert such claims.[1]

4.  Defendants **Ashley Cano and Corizon Medical Services** will be allowed to waive service of summons by executing, or having their

---

[1] Any amended complaint must contain all of Plaintiff's allegations in a single pleading; the amended complaint will replace the original Complaint. Therefore, defendants and claims from the original Complaint that are not included in the amended complaint will no longer be considered part of this case. *See* Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend.").

counsel execute, the Waiver of Service of Summons as provided by Federal Rule of Civil Procedure 4(d) and returning it to the Court within 30 days. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the Complaint (Dkt. *), a copy of this Order, and a Waiver of Service of Summons to the following counsel:

**J. Kevin West and Dylan A. Eaton, Parsons Behle, 800 W. Main Street, Suite 1300, Boise, ID 83702**, on behalf of Defendants.

5.      Should any entity determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, indicating which individuals for whom service will not be waived.

6.      If Plaintiff receives a notice from Defendants indicating that service will not be waived for an entity or certain individuals, Plaintiff will have an additional 90 days from the date of such notice to file a notice of physical service addresses of the remaining Defendants, or claims against them will be dismissed without prejudice without further notice.

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 3**

7.     The parties must follow the deadlines and guidelines in the Standard
       Disclosure and Discovery Order for Pro Se Prisoner Civil Rights
       Cases, issued with this Order.

8.     Any amended pleadings must be submitted, along with a motion to
       amend, within 150 days after entry of this Order.

9.     Dispositive motions must be filed no later than 300 days after entry
       of this Order.

10.    Each party must ensure that all documents filed with the Court are
       simultaneously served upon the opposing party (through counsel if
       the party has counsel) by first-class mail or via the CM/ECF system,
       pursuant to Federal Rule of Civil Procedure 5. Each party must sign
       and attach a proper mailing certificate to each document filed with
       the court, showing the manner of service, date of service, address of
       service, and name of person upon whom service was made.

11.    The Court will not consider ex parte requests unless a motion may
       be heard ex parte according to the rules and the motion is clearly
       identified as requesting an ex parte order, pursuant to Local Rule of
       Civil Practice before the United States District Court for the District
       of Idaho 7.2. ("Ex parte" means that a party has provided a
       document to the court, but that the party did not provide a copy of
       the document to the other party to the litigation.)

12.    All Court filings requesting relief or requesting that the Court make
       a ruling or take an action of any kind must be in the form of a

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 4**

pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

13.  No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

14.  Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

15.  Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: August 3, 2020

B. Lynn Winmill
U.S. District Court Judge